■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFRED "NICK" RATTENNI, A-1 COMPACTION, INC., AMERICAN DISPOSAL SERVS., INC., FRANK GIANNATTASIO, JR., G&G WASTE SYSTEMS, INC., and WASTEWAY CARTING CORP., Respondents.—

The indictment charged the individual and corporate defendants, who were engaged in the business of providing industrial and commercial garbage collection services, with the crime of combination in restraint of trade and competition in violation of the Donnelly Act (General Business Law §§ 340, 341), claiming that during 1988, the defendants entered into an agreement in order "to divide and allocate among themselves certain customers for garbage collection services in Westchester County, New York, Putnam County, New York, and the State of Connecticut". The court granted so much of the defendants' omnibus motions as sought dismissal of count one of the indictment as to each and every defendant on the grounds that "the Grand Jury was improperly advised with respect to a *per se* violation" under the Donnelly Act, and that there was legally insufficient evidence to sustain the indictment. The court based its determination upon the "rule of reason", which it found to be the "applicable principle of law relating to the interpretation of the Donnelly Act". On appeal, the People contend that the Attorney-General's charge, which instructed the Grand Jury "that an arrangement, combination, or conspiracy among actual or potential competitors to

divide and allocate customers is, without more, an unreasonable restraint of trade which violates the Donnelly Act" was proper, and further that the evidence was legally sufficient to sustain the indictment. We agree.

Viewing the evidence presented to the Grand Jury in the light most favorable to the People (CPL 220.30, 70.10; *People v Jennings,* 69 NY2d 103, 115), we find that it was sufficient to establish the elements of the offense charged and the defendants' commission thereof *(People v Mikuszewski,* 73 NY2d 407, 411; *People v Jennings, supra,* at 115). There was legally sufficient evidence to establish that in June 1988 the defendants met and entered into an illegal agreement to exchange approximately 100 customers of the defendant Wasteway Carting Corp. (hereinafter Wasteway), a New York corporation which is a wholly-owned subsidiary of G&G Waste Systems, Inc., based in Connecticut, for approximately 50 customers of the defendant American Disposal Services, Inc. (hereinafter "ADS"), a Connecticut-based subsidiary of A-1 Compaction, Inc., a New York corporation, and that a list was drawn up containing the names of these customers. Sufficient evidence was also presented indicating that prior to the effective date of this agreement the respective defendants were engaged in a sustained price war in an attempt to take customers away from one another, but that afterwards neither ADS nor Wasteway serviced or solicited any of the other's customers contained in the list.

Based upon the indictment and the evidence presented before the Grand Jury, we also agree with the People concerning the Attorney-General's *"per se"* violation charge. It is well established that the horizontal customer allocation agreement would constitute a *per se* violation of the Sherman Act, the Federal antitrust statute *(United States v Topco,* 405 US 596, 608; *see also, Palmer v BRG of Ga.,* 874 F2d 1417, *amended* 893 F2d 293, *revd* 498 US 46, 111 S Ct 401; *United States v Suntar Roofing,* 897 F2d 469 [10th Cir 1990]; *United States v Cooperative Theaters,* 845 F2d 1367 [6th Cir 1988]; *United States v Cadillac Overall Supply Co.,* 568 F2d 1078 [5th Cir 1978], *cert denied* 437 US 903; *United States v Consolidated Laundries Corp.,* 291 F2d 563 [2d Cir 1961]), and there is no reason for a different conclusion under the New York statute.

"Although we do not move in lockstep with the Federal courts in our interpretation of antitrust law * * * the Donnelly Act—often called a 'Little Sherman Act'—should generally be construed in light of Federal precedent and given a different interpretation only where State policy, differences in

the statutory language or the legislative history justify such a result" *(Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 335). We find no persuasive reason warranting a departure from the settled interpretation under the Sherman Act that an agreement such as the one alleged to have been entered into between the parties here is illegal *per se. Atkin v Union Processing Corp.* (90 AD2d 332, *affd* 59 NY2d 919, *cert denied* 465 US 1038), relied upon heavily by the defendants, does not support their contention that there is some dispute as to the Federal *per se* rules in Donnelly Act cases. In fact, the *Atkin* court recognized the enumerated incidents of anticompetitive behavior, namely, "price-fixing * * * division of markets * * * group boycotts * * * and tying arrangements", as being *"per se* unreasonable practices" under the Sherman Act *(Atkin v Union Processing Corp., supra,* at 335). It was only upon determining that there was no *per se* violation of the Sherman Act on the particular facts of that case that the court proceeded to examine the case under the rule of reason *(Atkin v Union Processing Corp., supra,* at 336). In view of the foregoing, we note our disagreement with the conclusion reached by the Appellate Division, Fourth Department, in *People v Eastern Ambulance Serv.* (106 AD2d 867). Accordingly, we conclude that the Attorney-General's instructions to the Grand Jury were proper *(see, People v Elmhurst Milk & Cream Co.,* 116 Misc 2d 140, 159). Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.