(March 3, 1992)

■ The People of the State of New York, Appellant, v Antonio Martin, Respondent.—Order of the Supreme Court, Bronx County (Frank Torres, J.), entered on February 6, 1989, which dismissed the indictment, unanimously reversed, on the law, and the indictment reinstated in its entirety.

The People appeal from the dismissal of a five count indictment charging defendant with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree.

The People submit two grounds for reinstatement of the indictment. First, the People argue that the Motion Court erred by entertaining an oral motion to inspect the grand jury minutes and dismiss the indictment pursuant to CPL 210.20. The second ground presented by the People for reversal is that the People presented sufficient evidence to the grand jury to support each count of the indictment.

Because we find that the People submitted sufficient evidence to the grand jury to support each element of each count of the indictment, we do not reach the issue of the validity of the oral motion, and whether there was a waiver by the People.

The Motion Court issued two separate orders which, between them, dismissed the indictment in its entirety. The People filed a timely notice of appeal from both orders, which are consolidated on this appeal.

On this record, the evidence presented to the grand jury, if accepted as true, sufficiently supports each element of each crime charged. *(People v Jennings,* 69 NY2d 103, 115.) The police testimony before the grand jury described the observa-

tions by the officer through ten power binoculars of defendant in conversation with a man and woman who had just made several sales of crack cocaine. After speaking with this couple, the defendant, while being observed by the officer, used a key to enter an apartment in the building in which the officer was hiding. The officer further testified that he then observed defendant leave the apartment with a brown paper bag which he handed to the man who had been selling crack under the officer's observation. The officer testified that the man then inspected a vial or two.

The officer then ordered the arrest of the couple, apprehended defendant and brought him back to the apartment. A .45 caliber handgun and 140 vials of crack cocaine were recovered from the apartment.

Notwithstanding defendant's testimony that he found the keys to the apartment on the ground while he was throwing away a soda bottle, the evidence presented to the grand jury by the People, if accepted, established the charged crimes *(see, People v Mikuszewski,* 73 NY2d 407, 411; *People v Jennings, supra,* at 115). The fact that the testimony of defendant and a corroborating witness contradicted the direct case is immaterial to this motion. It does not detract from the sufficiency of the District Attorney's presentation. *(See, People v Valles,* 62 NY2d 36, 39.) Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.