■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT SMITH, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Gerges, J.), dated June 5, 1991, as granted that branch of the defendant's omnibus motion which was to dismiss Kings County Indictment Number 157/91, charging him with robbery in the first degree and grand larceny in the fourth degree, to the extent of reducing the count of robbery in the first degree to robbery in the third degree.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied in its entirety, and the count of robbery in the first degree is reinstated.

The defendant was indicted in Kings County for the crimes of robbery in the first degree and grand larceny in the fourth degree. Thereafter, on the defendant's motion, the Supreme Court inspected the Grand Jury minutes and determined that the evidence presented to the Grand Jury was not legally sufficient to sustain the "displays what appears to be a firearm" element of robbery in the first degree (see, Penal Law § 160.15 [4]). The court further determined that the integrity of the Grand Jury proceedings had been impaired because the

Assistant District Attorney who presented the matter to the Grand Jury erred in preventing a grand juror from asking a question, in failing to instruct the Grand Jury concerning its authority to cause witnesses to be called, and in charging the Grand Jury that "[t]he object displayed [during the alleged robbery] need not closely resemble a handgun or bear a distinctive shape". Based upon all of these findings, the court reduced the count of robbery in the first degree to the lesser included offense of robbery in the third degree pursuant to CPL 210.20 (1-a). We reverse and reinstate the count of robbery in the first degree.

Contrary to the Supreme Court's conclusion, the Grand Jury testimony of the complaining witness was sufficient to support the charged offense of robbery in the first degree. It is a firmly established principle that "[a] Grand Jury may indict when reasonable cause from competent and admissible evidence is presented to it, supporting its belief that legally sufficient evidence is present to establish that the accused committed the offense (CPL 190.65 [1])" *(People v Reyes,* 75 NY2d 590, 593; *see, People v Jennings,* 69 NY2d 103). Moreover, " '[i]n the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt' *(People v Mayo,* 36 NY2d 1002, 1004)" *(People v Deegan,* 69 NY2d 976, 978-979). Hence, as the Court of Appeals has observed: "A Grand Jury may indict only if the evidence before it is legally sufficient to establish that the accused committed the offense charged and also provides reasonable cause to believe the accused committed the offense (CPL 190.65). On a motion addressed to sufficiency of an indictment (CPL 210.20 [1] [b]), however, the defendant is entitled to a review based on whether there was competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission of it (CPL 70.10 [1]; *People v Jennings,* 69 NY2d 103, 115). The evidence must be viewed most favorably to the People, and it need not 'provide "reasonable cause" to believe that the defendant committed the crime charged' *(see, People v Warner-Lambert Co.,* 51 NY2d 295, 299, citing Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 70.10, at 348 [1971]; *see also, People v Brewster,* 63 NY2d 419, 422)" *(People v Mikuszewski,* 73 NY2d 407, 411). Indeed, "the court's inquiry is keyed only to that legal sufficiency postulate, since the adequacy of the proof to establish reasonable cause is necessarily within the exclusive fact-finding function of the Grand Jury" *(People v Reyes, supra,* at 593).

In the instant case, the complaining witness testified that the defendant, who "had a gun in his hands", approached him on the street and stole money from him. Viewing this evidence in the light most favorable to the People *(see, People v Warner-Lambert Co., 51 NY2d 295, cert denied 450 US 1031)*, we find that it was legally sufficient to establish prima facie the defendant's commission of robbery in the first degree under the theory that the defendant displayed what appeared to be a firearm during the forcible theft *(see, Penal Law § 160.15 [4])*. The Supreme Court erred in finding that the complainant, after clearly testifying from his own personal observations that the defendant was holding a gun, nevertheless also was required to describe the physical characteristics of the object in the defendant's hands so that the Grand Jury could evaluate the reasonableness of the complainant's perception that it was a gun. There is no indication in the record that the object was disguised or concealed in any manner or that it was not readily identifiable as a gun. Moreover, any inquiry into the reasonableness of the complainant's belief that the object was a gun would be appropriately raised at the trial of the defendant rather than in the proceedings before the Grand Jury. Inasmuch as the evidence before the Grand Jury was legally sufficient to sustain the charge of robbery in the first degree, the Supreme Court erred in reducing that count pursuant to CPL 210.20 (1-a) to the lesser included offense of robbery in the third degree.

The Supreme Court's additional findings with respect to the Grand Jury proceedings also are erroneous. The minutes of those proceedings clearly refute any suggestion that the Assistant District Attorney prevented a grand juror from asking a question. Rather, they demonstrate that when the Assistant District Attorney solicited questions from the Grand Jury, one grand juror inquired as to whether a gun had been recovered from the defendant upon his subsequent arrest. The Assistant District Attorney responded in effect that no testimony regarding that topic would be presented. This response was proper, inasmuch as the issue of whether the defendant possessed a gun at the time of his arrest was irrelevant to the offenses considered by the Grand Jury. The People were required to establish only that the defendant displayed what appeared to be a firearm at the time of the robbery, not that he ever possessed an actual firearm at any time up to and including his arrest *(see, People v Lopez, 73 NY2d 214; People v Baskerville, 60 NY2d 374; People v Jackson, 180 AD2d 756)*. Hence, the Assistant District Attorney, in his role as legal

advisor to the Grand Jury *(see,* CPL 190.25 [6]), acted appropriately and within his discretion in foreclosing an avenue of inquiry which was neither legitimate nor relevant to the limited issues before the Grand Jury in this case. Furthermore, when the Grand Jury was asked if it had any other questions, no one voiced further inquiries. Therefore, the record fails to support a finding that the Assistant District Attorney prevented the jurors from asking a question or otherwise acted improperly in dealing with the inquiries of the jurors.

Similarly, the Assistant District Attorney committed no error in failing to instruct the Grand Jury with respect to its authority to cause witnesses to be called *(see,* CPL 190.50 [3]). There is no obligation on the part of the Assistant District Attorney to advise the Grand Jury of this fact, nor is there any requirement that the Grand Jury be so advised prior to the submission of each and every case to it for consideration. Rather, the law provides that the Grand Jury shall be informed of its powers, including the power to cause witnesses to be called, by the distribution to the jurors of copies of CPL article 190. The court "may, in addition, give the grand jurors any oral instructions relating to the proper performance of their duties as it deems necessary or appropriate" *(see,* CPL 190.20 [5]). It is well settled that "[a] presumption of regularity attaches to official court proceedings, which imposes upon a defendant the burden of coming forward with substantial evidence to rebut that presumption" *(People v Pichardo,* 168 AD2d 577). The defendant has failed to submit any proof to rebut the presumption that the grand jurors received appropriate instructions in compliance with the law, nor has he refuted the People's claim that every grand juror is provided with a copy of CPL article 190 at the beginning of each term as a matter of routine procedure. Thus, the finding that the Grand Jury was not instructed regarding its authority to cause witnesses to be called is wholly unsubstantiated by the record.

Likewise, the Supreme Court's conclusion that the Assistant District Attorney improperly charged the Grand Jury concerning the "displays what appears to be a firearm" element of first degree robbery is without basis. The court specifically found that the charge was "incorrect" because it contained the following instruction: "[t]he object displayed need not closely resemble a handgun or bear a distinctive shape". However, this language was taken virtually verbatim from the recent decision of the Court of Appeals in *People v Lopez* (73

NY2d 214, 220, *supra),* which provides, in relevant part, that "the object displayed need not closely resemble a firearm or bear a distinctive shape". Indeed, the Assistant District Attorney's entire charge regarding robbery in the first degree closely tracked the relevant language found in case law *(see, People v Lopez, supra; People v Baskerville,* 60 NY2d 374, *supra)* and was in all respects legally accurate and proper. Inasmuch as "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" *(People v Calbud, Inc.,* 49 NY2d 389, 394; *see, People v Darby,* 75 NY2d 449), we find that the Assistant District Attorney in this case adequately discharged his duty "to instruct the Grand Jury on the law with respect to the matters before it" *(People v Valles,* 62 NY2d 36, 38; *see,* CPL 190.25 [6]).

Even if the foregoing actions of the Assistant District Attorney could properly be considered error, they were not so serious so as to impair the integrity of the proceedings and create a likelihood of prejudice to the defendant to warrant the dismissal of the indictment. In those instances where such serious error is found to exist, the exclusive remedy is dismissal of the indictment *(see,* CPL 210.35 [5]). Conversely, the relief granted by the Supreme Court in this case (i.e., the reduction of a charged offense to a lesser included offense) is permitted solely on the ground that the evidence presented to the Grand Jury is not legally sufficient to support the greater count *(see,* CPL 210.20 [1-a]). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.