■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE NUÑEZ, Respondent.—Order of the Supreme Court, New York County (Jay Gold, J.), entered on March 20, 1991, which dismissed the indictment against defendant for criminal sale of a controlled substance in the third degree, is unanimously reversed on the law and the indictment reinstated.

After the defense moved to dismiss the indictment on the ground that the evidence before the grand jury was insufficient to establish a prima facie case, the court examined the minutes *in camera* and then granted dismissal. In that regard, the evidence demonstrated the following:

On September 28, 1990, at approximately 3:00 P.M., Police Officer Kim Hodge, who was working undercover, approached Julio Bello at the northeast corner of West 170th Street and Audubon Avenue in Manhattan. Officer Hodge asked Bello, "What's up?", and Bello inquired what she wanted. Officer Hodge replied, "two nickels." Bello directed that Officer Hodge follow him across the street. Once there, Bello engaged in a conversation in Spanish with defendant herein. Defendant then reached into a brown paper bag that he was holding, removed two vials of crack and gave them to Bello. Bello, in turn, handed the vials to Officer Hodge in exchange for ten dollars. A backup officer arrested both Bello and defendant. The two vials were found to contain cocaine, and a tinfoil package of cocaine was recovered from Bello's right pants pocket.

In dismissing the indictment against defendant for criminal sale of a controlled substance in the third degree, the Supreme Court concluded that there was no proof that when defendant "furnished the two vials of crack, he had any knowledge as to what was going to be done with them" since there was no indication of the nature of the conversation between Bello and defendant. However, the court was not warranted in granting the motion to dismiss. As the Court of Appeals explained in *People v Mikuszewski* (73 NY2d 407, 411): "A Grand Jury may indict only if the evidence before it is legally sufficient to establish that the accused committed the offense charged and also provides reasonable cause to believe the accused committed the offense (CPL 190.65). On a motion addressed to sufficiency of an indictment (CPL 210.20 [1] [b]), however, the defendant is entitled to a review based on whether there was competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission of it (CPL 70.10 [1]; *People v Jennings*, 69 NY2d 103, 115). The evidence must be viewed most favorably to the People, and it need not 'provide "reasonable cause" to believe that the defendant committed the crime charged' *(see, People v Warner-Lambert Co.*, 51 NY2d 295, 299, citing Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 70.10, at 348 [1971]; *see also, People v Brewster*, 63 NY2d 419, 422)."

Applying the foregoing standard, it is clear that the evidence available to the grand jury was sufficient to support the crime charged. Officer Hodge's testimony, corroborated by the laboratory report, showed that Julio Bello sold her two vials of crack, which were supplied to him by defendant immediately after the two men had a conversation that took place in response to Officer Hodge's request to purchase "two nickels" worth of drugs. Based upon this sequence of events, it is reasonable to infer that defendant knowingly participated in the drug sale (see People v Ballou, 121 AD2d 861, lv denied 68 NY2d 809). Indeed, it is highly unlikely, if not incredible, that Bello might have interrupted his transaction with Officer Hodge in order to talk to defendant on an unrelated matter and was given two vials of crack by defendant, which were handed over to the officer, yet defendant somehow managed to remain ignorant of what was transpiring. Certainly, when a seller of narcotics negotiates with the buyer and receives the money while someone else stands nearby and furnishes the drugs, "testimony as to such method of operation [is] relevant to point up the connection between the two" (People v Jackson, 39 NY2d 64, 68). Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.