■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARRY CARRASQUILLO, Respondent. [621 NYS2d 813] —Appeal by the People from so much of an order of the Supreme Court,

Queens County (Robinson, J.), dated November 19, 1992, as granted the branch of the defendant's omnibus motion which was to dismiss Queens County Indictment No. 12138/92 on the ground that it is not supported by legally sufficient evidence.

Ordered that the order is reversed insofar as appealed from, on the law, the branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that it is not supported by legally sufficient evidence is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

During the Grand Jury proceedings, the People introduced testimony establishing that the defendant had sold two vials of crack cocaine to an undercover police officer and that, upon the defendant's arrest, 12 additional vials were recovered during a search of his person. The two groups of vials were separately vouchered under different voucher numbers and were sent to the police laboratory for analysis. The People also introduced into evidence two laboratory reports, certified by police chemists, indicating that the police laboratory had received an evidence package containing two vials and a second evidence package containing 12 vials and that they were found to contain cocaine. The Grand Jury subsequently returned an indictment charging the defendant with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Upon reviewing the minutes of the Grand Jury proceedings, the Supreme Court granted the defendant's motion to dismiss the indictment due to legally insufficient evidence with leave to resubmit the charges to the Grand Jury. We reverse and reinstate the indictment.

Viewing the evidence that was before the Grand Jury in the light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, cert denied 450 US 1031), we find that it is legally sufficient to support the charges in the indictment (see generally, CPL 190.65 [1]; People v Reyes, 75 NY2d 590; People v Mikuszewski, 73 NY2d 407; People v Deegan, 69 NY2d 976; People v Smith, 182 AD2d 725). Contrary to the determination of the Supreme Court, the evidence amply links the items that were analyzed in the certified laboratory reports to the defendant. Indeed, the reports bear invoice numbers which corresponded to the voucher numbers assigned to the evidence by the police officers, and each report refers to the defendant by name. Moreover, the certified laboratory

reports were properly introduced into evidence pursuant to CPL 190.30 (2), and there is no legal requirement that the use of the reports as evidence must be preceded by a showing that the officers who vouchered the items of evidence actually received the reports. Furthermore, the People's evidence satisfied any limited burden that they might have had with respect to demonstrating the chain of custody of the narcotics (see, People v Connelly, 35 NY2d 171). Accordingly, the People established prima facie the defendant's commission of the charged offenses, and the Supreme Court erred by dismissing the indictment (see, e.g., People v Crawford, 210 AD2d 498 [decided herewith]; People v Smith, supra).

We have considered the defendant's request for disclosure of the Grand Jury minutes. Upon review of those minutes (see generally, CPL 210.30 [3]), we conclude, in the exercise of our discretion, that the minutes should not be disclosed. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.