■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT CRAWFORD, Respondent. [621 NYS2d 809] —Appeal by the People from so much of an order of the Supreme Court, Queens County (Robinson, J.), dated November 9, 1992, as

granted that branch of the defendant's omnibus motion which is to dismiss Queens County Indictment No. N12225/92 on the ground that it was not supported by legally sufficient evidence before the Grand Jury.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The Grand Jury testimony of two police officers established that the defendant and his codefendant Derrick Hernandez participated in the sale of vials which appeared to contain cocaine to an undercover police officer in Queens County. The undercover officer's testimony further demonstrated that he vouchered the vials as evidence under a specific voucher number and forwarded the evidence package to the police laboratory for analysis. The People then introduced into evidence a laboratory report certified by a police chemist which indicated that two vials were received, as itemized on the voucher, and were found to contain cocaine. The defendant subsequently took the stand and stated that he merely had been walking in the area when the police pursued him and placed him under arrest. The Grand Jury returned an indictment charging the defendant and his codefendant with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Upon reviewing the minutes of the Grand Jury proceedings, the Supreme Court dismissed the indictment on the ground that it was not supported by legally sufficient evidence, with leave for the People to resubmit the charges. We reverse and reinstate the indictment.

Viewing the evidence before the Grand Jury in the light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, cert denied 450 US 1031), we find that it was legally sufficient to support the charges in the indictment (see generally, CPL 190.65 [1]; People v Reyes, 75 NY2d 590; People v Mikuszewski, 73 NY2d 407; People v Deegan, 69 NY2d 976; People v Smith, 182 AD2d 725). Contrary to the determination of the Supreme Court, the evidence amply linked the narcotics analyzed in the certified laboratory report to the defendant and his codefendant. The report bore a specific invoice number which matched the voucher number to which the undercover officer referred in his testimony before

the Grand Jury. The report referred to the defendant and the codefendant by name. Moreover, the certified report was properly introduced into evidence pursuant to CPL 190.30 (2), and there is no legal requirement that the laboratory report be returned to the police officer who vouchered the items to which the report pertains before the report may be used as evidence in the Grand Jury proceedings. The People's evidence satisfied any limited burden which they had with respect to demonstrating the chain of custody of the narcotics *(see, People v Connelly,* 35 NY2d 171). Accordingly, the People established a prima facie case that the defendant committed the charged offenses, and the Supreme Court erred in dismissing the indictment *(see, e.g., People v Smith, supra).* Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.