■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BLAKE WINGATE, Respondent. [621 NYS2d 812] —Appeal by the People from so much of an order of the Supreme Court, Queens County (Robinson, J.), dated October 13, 1992, as granted that branch of the defendant's omnibus motion which was to dismiss Queens County Indictment No. 13802/91 on the ground that it is not supported by legally sufficient evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment for legally insufficient evidence is denied in its entirety, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

During the Grand Jury proceedings, the People introduced police testimony establishing that the defendant sold vials of crack cocaine to another individual in Queens County. Upon arresting the defendant and the purchaser of the narcotics, the police recovered 39 vials of crack and a crack pipe from the defendant, and nine vials of crack from the other individual. The items recovered from each man were vouchered separately and sent to the police laboratory for analysis. The vouchering police officer received two reports from the laboratory, certified by police chemists, indicating that the items of evidence had been received as described and were found to contain cocaine. These two laboratory reports were placed in

evidence by the prosecution. The Grand Jury subsequently returned an indictment charging the defendant with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree. Upon reviewing the minutes of the Grand Jury proceedings, the Supreme Court dismissed the indictment for legally insufficient evidence, with leave to the People to resubmit the charges. We reverse and reinstate the indictment.

Viewing the evidence before the Grand Jury in the light most favorable to the People *(see, People v Warner-Lambert Co.,* 51 NY2d 295, *cert denied* 450 US 1031), we find that it was legally sufficient to support the charges in the indictment *(see generally,* CPL 190.65 [1]; *People v Reyes,* 75 NY2d 590; *People v Mikuszewski,* 73 NY2d 407; *People v Deegan,* 69 NY2d 976; *People v Smith,* 182 AD2d 725). Contrary to the determination of the Supreme Court, the evidence amply sufficed to link the items analyzed in the certified laboratory reports to the defendant. Indeed, the vouchering officer expressly testified that he knew the reports pertained to his investigation of the defendant because they bore the officer's name and rank, the corresponding complaint number, and corresponding voucher number. Additionally, each report referred to the defendant by name. The mere fact that the officer did not specify the voucher numbers he used and the prosecutor did not recite the invoice numbers of the reports does not render the evidence legally insufficient, since the officer's testimony unequivocally demonstrated that the laboratory reports referred to the items which he had vouchered. Moreover, the certified reports were properly introduced into evidence pursuant to CPL 190.30 (2), and the People's evidence satisfied any limited burden which they had with respect to demonstrating the chain of custody of the narcotics *(see, People v Connelly,* 35 NY2d 171). Accordingly, the People established prima facie the defendant's commission of the charged offenses, and the Supreme Court erred in dismissing the indictment *(see, e.g., People v Crawford,* 210 AD2d 498 [decided herewith]; *People v Carrasquillo,* 210 AD2d 493 [decided herewith]; *People v Smith, supra).*

We have considered the defendant's remaining contentions, including his claim regarding access to the Grand Jury minutes, and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.