Bellacosa, J.
(dissenting in part in People v Garcia only). In People v Sanchez (decided in a combined opinion for the Court with People v Garcia), Judge Simons and I concur in the unanimous determination that sufficient evidence was presented to the Grand Jury to support defendant Sanchez’s indictment. In People v Garcia, while we agree in the unanimous determination that no evidence or inferences are available to support the charge of criminal intent to sell cocaine (see, Penal Law § 220.16 [1]), we find sufficient evidence and inferences to uphold the criminal possession accusation, just as the Court does in Sanchez. Thus, we respectfully dissent from that part of the Court’s ruling in the Garcia case.
The undercover officer testified in Garcia that during routine patrol he observed defendant’s vehicle proceed through a stop sign. The officer pulled the vehicle over and, as he approached from the passenger side, he saw defendant remove a clear plastic bag from the jacket on which he was sitting. He then watched defendant move and place the bag under the driver’s seat. Defendant was arrested and the bag of crack cocaine was confiscated. The People also presented the Grand Jury with a chemist’s lab report showing that the clear plastic bag contained 3!4 ounces and three grains of crack cocaine.
The sole question is whether the People presented legally sufficient evidence to the Grand Jury (CPL 70.10 [1]), providing that body with a basis and record from which it could draw permissible inferences to accuse defendant of criminal possession of a controlled substance in the second degree (see, Penal Law § 220.18). We conclude that the presentment was sufficient under long-standing rules of review. Ironically, even under the new test and analysis propounded for application in People v Sanchez, decided together today, we would find sufficient evidence for the charge to be lodged.
People v Ryan (82 NY2d 497, 505), a posttrial-review-ofevidence case, fortifies our view. Indeed, in People v Hill (85 NY2d 256, 263), decided this year, the Court applied Ryan and held that knowledge of the requisite minimum weight of the drugs may be inferred, for guilt beyond a reasonable doubt, from defendant’s " handling’ ” of the materials or from the *37 "negotiations during a narcotics transaction, including discussions about price” (id., at 263 [emphasis added]). In Ryan, a pure weight, not an aggregate weight situation as here, the Court tendered the same analysis and guidance (82 NY2d 497, 505, supra).
Most significantly and distinguishably, the instant Garcia case is a Grand Jury accusatory stage matter involving aggregate weight crack cocaine in a bag handled by the defendant. Its procedural first-stage setting compels an a fortiori application of the relevant aspects of the Ryan and Hill cases— unless the Court is retreating or lessening their weight.
Also, the difference in the Garcia case from the Sanchez case is that, in the latter, the handled contraband weighed "more than twice the threshold amount;” (majority opn, at 34 [emphasis added]) in Garcia, it weighed almost twice the threshold amount. That is not an analytical difference and the amounts are quantitatively so close that a different and principled difference in result is not warranted. The new rule, such as it is, will be nearly impossible to discern or apply evenhandedly in motion courts on the virtually automatic application to inspect Grand Jury minutes and dismiss indictments made in every criminal case. We respectfully suggest that the analysis, the rule propounded and the eventual attempted application in thousands of cases are not constructively advanced by characterizing defendant Garcia’s handling and secreting of his bag of crack cocaine as "minuscule,” "minute,” "modest,” or "so close to the statutory limit” (it was more than 1 Vi times the statutory limit) (majority opn, at 33, 34, 35). Nor is this case about presumptions, but rather only about customary inferences allowable to be drawn by a Grand Jury at the accusatory stage.
This Court recently stated in People v Swamp (84 NY2d 725) that the proper standard for reviewing the sufficiency of the evidence to support an indictment is "legal sufficiency,” and that favorable inferences flow to the People at this accusatory stage (id., at 730; see also, People v Mikuszewski, 73 NY2d 407, 411). Additionally, at the pleading stage, a reviewing court must view the evidence supporting the indictment in the light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, 299, cert denied 450 US 1031), and the court may not substitute itself for the Grand Jury in drawing or not drawing permissible inferences or drawing different inferences, as the Court seems to be doing in the Garcia analysis (see, People v Dordal, 55 NY2d 954, 956).
*38 The standard itself is defined in CPL 70.10 (1) as "competent evidence which, if accepted as true, would establish every element of an offense charged” (see also, People v Jennings, 69 NY2d 103, 115). This standard focuses the appellate reviewing courts on the determination only of whether the facts, if proven, and the inferences that logically flow from those facts, supply proof of every element of the charged crime. That other innocent inferences could possibly be drawn from the facts — what the majority repeatedly and speculatively refers to as the possible "unwitting” accused cases — is beside the point, so long as a Grand Jury could reasonably have drawn a guilty inference for accusatory purposes only (see, People v Reisman, 29 NY2d 278, 283, 285-287, cert denied 405 US 1041). The truly exceptional unwitting possessors of legislatively classified levels of contraband are entitled to their opportunity to counter the commonsense inferences and universal experience before the trier of the facts — usually a petit jury (id., at 285-287). Accordingly, evidence may be "legally sufficient” even though it turns out to be insufficient to sustain guilt beyond a reasonable doubt, or not enough to provide " ' ’’reasonable cause” to believe that the defendant committed the crime charged’ ” (see, People v Mikuszewski, 73 NY2d 407, 411, supra; see also, Commission Staff Comment to Proposed CPL 35.10 [now CPL 70.10], reprinted in McKinney’s 1967 Pamphlet, at 77; People v Sabella, 35 NY2d 158, 167).
Here, the evidence presented to the Grand Jury established that defendant Garcia handled the clear plastic bag of cocaine when he lifted the bag from his personal clothing nearby and then tried to secret it. This handling was more extensive than Sanchez’s, a case in which we unanimously uphold the criminal possession accusation. In Sanchez, the evidence before the Grand Jury showed defendant placing his hand on a paper bag which was in his jacket pocket. Defendant Sanchez did not remove the paper bag, did not otherwise handle the drugs other than touching the package in his pocket, and did not try to secret the package.
The contrary result in the Garcia case on the criminal drug possession accusation creates a new, amorphous and quite arbitrary weight or heft differential and classification superimposed by this Court on the weight units prescribed by the Legislature. Thus, we dissent in People v Garcia.
In People v Sanchez: Order reversed and defendant’s motion to reduce the charge contained in count one of the indictment denied.
*39 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
In People v Garcia: Order modified by dismissing count two of the indictment and, as so modified, affirmed.
Chief Judge Kaye and Judges Titone, Levine and Ciparick concur with Judge Smith; Judge Bellacosa dissents in part in a separate opinion in which Judge Simons concurs.