# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**129**

**KA 09-01818**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SERRELL M. GAYTON, ALSO KNOWN AS JOHN DOE,
DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Dennis M. Kehoe, A.J.), rendered September 3, 2009. The judgment
convicted defendant, upon a jury verdict, of scheme to defraud in the
second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, the indictment is dismissed and the
matter is remitted to Supreme Court, Monroe County, for proceedings
pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, following
a jury trial, of scheme to defraud in the second degree (Penal Law §
190.60 [1]), defendant contends that the evidence is legally
insufficient to support the conviction (*see generally People v
Bleakley*, 69 NY2d 490, 495). We agree, and we therefore reverse the
judgment. This case arises out of an investigation conducted by the
Food and Drug Administration into allegations that BioMedical Tissue
Services (BTS), a human tissue procurement agency, was falsifying
documents and fabricating consent forms related to bone and tissue
removed from cadavers awaiting cremation. Defendant was a licensed
funeral director and the owner of a funeral home, and he entered into
an agreement with BTS whereby BTS would obtain consent from the next
of kin of the decedents and would provide defendant's funeral home
with a "facility fee" for the recovery of bone and tissue. BTS
subsequently recovered tissue and/or bone from two decedents at
defendant's funeral home without the consent of their next of kin.
Defendant received money from BTS in connection with those recoveries,
as well as money from the decedent's next of kin for services rendered
by the funeral home.

"A person is guilty of a scheme to defraud in the second degree
when he [or she] engages in a scheme constituting a systematic ongoing

course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises[] and so obtains property from one or more of such persons" (Penal Law § 190.60 [1]).  Defendant contends that the money he received from BTS did not satisfy the statutory requirement that property actually be obtained from at least one of the persons sought to be defrauded and that such money did not constitute the property of the next of kin.  Defendant further contends that there is no recognized property right in a dead body (*see generally Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 50-53).  The People respond that defendant defrauded the next of kin of their legal right to dispose of the decedents' bodies and that defendant was also financially rewarded for referring the decedents to BTS without consent, thereby deceiving their next of kin.  The People contend that the fact that the money came from BTS does not render the conviction legally insufficient.  We agree with defendant.  Although the interest of next of kin in the bodies and body parts of their decedents may deserve legal protection, such rights and interests do not, under the current law, qualify as property (*see generally Colavito*, 8 NY3d at 50-53).  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we nevertheless conclude that the People failed to establish that defendant obtained property from one of the persons sought to be defrauded (*see generally People v Mikuszewski*, 73 NY2d 407, 413).  Thus, it cannot be said that " 'there is any valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (*People v Cahill*, 2 NY3d 14, 57, quoting *Bleakley*, 69 NY2d at 495).

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court