# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3023

_____

United States of America,             *

                              *

        Appellee,             *

                              *   Appeal from the United States

      v.                   *   District Court for the

                              *   Northern District of Iowa.

Harold Miller,               *

                              *

        Appellant.           *

_____

Submitted: March 16, 2012
Filed: May 17, 2012

_____

Before WOLLMAN and COLLOTON, Circuit Judges, and HICKEY,[1] District
     Judge.

_____

HICKEY, District Judge.

Harold Miller appeals his convictions for two counts of possessing firearms and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). On appeal, Miller contends that the district court[2] erred in concluding that he qualifies as a prohibited person under § 922(g)(1). Miller argues that his 2007 conviction for scheme to defraud in the first degree under New York Penal Law § 190.65 falls

---

[1]The Honorable Susan O. Hickey, United States District Judge for the
Western District of Arkansas, sitting by designation.

[2] The Honorable Linda R. Reade, Chief Judge, United States District Court
for the Northern District of Iowa.

within the "business practices" exemption of 18 U.S.C. § 921(a)(20)(A). We disagree and affirm the convictions.

I.

In 2007, Miller was convicted in Clinton County, New York of one count of conducting a scheme to defraud in the first degree, a felony offense in violation of New York Penal Law § 190.65. Miller wrote and cashed thirteen checks on the closed checking account of his deceased father, resulting in his fraud conviction and sentence of one-year imprisonment.

In 2011, a federal grand jury for the Northern District of Iowa returned an indictment charging Miller with two counts of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1), which provides:

> It shall be unlawful for any person...who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year...to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition....

> 18 U.S.C. § 922(g)(1) (2006).

Miller filed a pre-trial motion requesting a ruling as to whether his prior New York fraud conviction was an offense exempted by 18 U.S.C. § 921(a)(20)(A) from serving as a predicate felony under § 922(g)(1). The § 921(a)(20)(A) exemption provides in relevant part:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include…any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or

other similar offenses relating to the regulation of business practices....

18 U.S.C. § 921(a)(20)(A) (2006).

In denying Miller's motion and finding that he was a prohibited person under § 922(g)(1), the district court noted that New York Penal Law § 190.65 "has purposes outside the consumer fraud context" and "even if the statute's main purpose is consumer protection, that fact alone is insufficient" to bring it within the exempted "business practice" offenses described by § 921(a)(20)(A).

Subsequent to the denial of Miller's motion, the district court accepted Miller's conditional plea of guilty as to both counts contained in the indictment. Through his conditional plea of guilty, Miller preserved his right to appeal the district court's exemption determination.

## II.

"[W]hether a conviction qualifies as a predicate felony for the purpose of § 922(g) is a question of law" subject to de novo review. *United States v. Boaz*, 558 F.3d 800, 805 (8th Cir. 2009). *See also United States v. Stanko*, 491 F.3d 408, 413 (8th Cir. 2007) ("This court applies de novo review to...questions of federal law involving statutory interpretation.") (internal quotation omitted).

Miller concedes that the language in § 921(a)(20)(A) providing an exemption for "similar offenses relating to the regulation of business practices" does not apply broadly to any criminal offense that involves a "business practice." It must be shown that the offense is one "pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses similar to them." *Stanko*, 491 F.3d at 414. Accordingly, the question before us is whether a fraud offense under New York Penal Law § 190.65 "pertains to" antitrust violations,

unfair trade practices, restraints of trade, or other similar offenses, thereby bringing it within the § 921(a)(20)(A) exemption. Miller limits his arguments to the issue of whether § 190.65 pertains specifically to unfair trade practices; therefore, we will not individually address whether § 190.65 pertains to antitrust violations or restraints of trade.

"[I]mplicit in the term 'unfair trade practices' is the requirement of an adverse economic effect on competition or consumers." *Stanko*, 491 F.3d at 415-16. *See also Dreher v. United States*, 115 F.3d 330, 332-33 (5th Cir.1997); *United States v. Meldish*, 722 F.2d 26, 27-28 (2d Cir. 1983). However, the fact that a defendant's criminal conduct "may...have incidentally hampered competition or had negative economic effects on consumers" does not necessarily bring the criminal offense within the § 921(a)(20)(A) exemption. *Id*. at 415. Rather, the proper focus of a § 921(a)(20)(A) inquiry is on "the primary purpose of the statute of conviction and the elements that the Government must prove for conviction under it …." *Id.*

Miller contends that a fraud offense under § 190.65 is sufficiently similar to an "unfair trade practice" because § 190.65 "was designed to aid in the prosecution of consumer fraud schemes where many victims are bilked mainly of small amounts of money." *People v. Mikuszewski*, 73 N.Y.2d 407, 412, 538 N.E.2d 1017 (N.Y. 1989). Section 190.65 states:

> 1. A person is guilty of a scheme to defraud in the first degree when he: (a) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons; or (b) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains

-4-

property with a value in excess of one thousand dollars from one or more such persons.

2. In any prosecution under this section, it shall be necessary to prove the identity of at least one person from whom the defendant so obtained property, but it shall not be necessary to prove the identity of any other intended victim.

N.Y. Penal Law § 190.65 (McKinney 2007).

In properly focusing upon the purpose of the fraud statute and the elements that must be proven for conviction, it is clear that § 190.65 does not cover the type of criminal offense that Congress intended to exempt under § 921(a)(20)(A).

Section 190.65 does not have the isolated purpose of protecting consumers or regulating business practices. Rather, the statute generally prohibits various forms of large-scale fraud, including, but not limited to, consumer fraud. *See Beth Israel Med. Ctr. v. Smith*, 576 F. Supp. 1061, 1066-67 (S.D.N.Y. 1983) (noting that the scheme-to-defraud statute is not limited to consumer fraud and that the statute "is modelled on the federal mail fraud statute, which clearly encompasses a wide variety of fraudulent practices…."). This fact may best be illustrated by noting that Miller's fraudulent check-cashing scheme was not consumer fraud but nonetheless falls under the purview of § 190.65.

Even acknowledging that § 190.65 does, to some extent, address consumer protection, the elements that must be proven for conviction indicate that the statute does not truly pertain to unfair trade practices. In *United States v. Stanko*, we held that because the Federal Meat Inspection Act ("FMIA") lacked an element requiring proof of effect on consumers and competition, the statute did not fall under the § 921(a)(20)(A) exemption. 491 F.3d at 417 ("…none of the provisions of the FMIA require the Government to prove an effect on competition or consumers as an element of the offense. … [Defendant's actions] alone ran afoul of

the FMIA, independent of the incidental effects those actions may have had on competition or consumers.").

Much like the FMIA, § 190.65 does not require the government to prove as an element of the offense that either competition or consumers were impacted. Section 190.65 requires only an intent to defraud multiple individuals and a fraudulent taking from at least one individual. It does not require that those individuals be "consumers" or that competition be impacted in any way. This reading of § 190.65 is consistent with the interpretation of courts who have determined that similarly worded federal mail fraud statutes do not fall within the § 921(a)(20)(A) exemption. *Beth Israel Med. Ctr.*, 576 F. Supp. at 1066 ("…as several New York cases have observed, § 190.65 is modelled on the federal mail fraud statute…."); *Dreher*, 115 F.3d at 332-33 (holding that violations of federal mail fraud statutes "in no way depend on whether they have an effect upon competition," and therefore are not exempt under § 921(a)(20)(A)).

Having determined that the purpose of § 190.65 is to criminalize a wide variety of fraudulent practices and that the elements of Miller's § 190.65 offense do not involve showing an effect upon consumers or competition, we find that § 190.65 does not "pertain to" unfair trade practices or other similar offenses relating to the regulation of business practices under § 921(a)(20)(A).

III.

Accordingly, we hold that Miller's conviction under §190.65 is not an offense that falls within the § 921(a)(20)(A) exemption. For this reason, Miller was a prohibited person under the felon-in-possession statute, § 922(g)(1). We therefore affirm his convictions.

_____

-6-