OPINION OF THE COURT
Chief Judge Kaye.
Where the Grand Jury heard only the results of a preliminary field test indicating the presence of cocaine, was an indictment charging possession of cocaine supported by legally sufficient evidence, or were the People required to submit the results of a formal laboratory analysis? Because the evidence before the Grand Jury, if uncontradicted, established that defendant possessed cocaine, we affirm the determination of the Appellate Division that the People presented a prima facie case sufficient for indictment.
When defendant crossed the United States-Canadian border at Massena, a United States Customs inspector found drug paraphernalia hidden in the car engine, as well as bags of plastic vials, containing chunks of white powder, on his person and in the car. Based on the officer’s training in preliminary identification of drugs by appearance and packaging, defendant was arrested on suspicion of possession of drugs. A second Customs inspector, Robert Stephenson, weighed the substance and conducted a Scott-Reagent field test that indicated the presence of cocaine in the powder. The policy of the agency was to defer formal laboratory analysis until it appeared necessary for trial.
Before the Grand Jury, Stephenson testified that he had attended an eight-hour training course at the Customs Acad *729 emy in identification of drugs and use of various field tests, as well as training in the weighing of drugs. He had conducted more than 1,000 field tests. The widely used Scott-Reagent test, also known as the NIK cocaine test, required Stephenson to place the substance in a plastic pouch with a glass ampoule which, when broken, released a chemical. Where cocaine is present, the substance turns a sharp blue, as it did in this case.
The trial court granted defendant’s motion to dismiss the indictment for legal insufficiency, ruling that while results of a field test might be sufficient to establish probable cause, such "preliminary determinations” were insufficient to establish a prima facie case before the Grand Jury. Citing to CPL 190.30, which permits presentation to the Grand Jury of a certified laboratory report in lieu of testimony from the technician who performed the test, the court held that the statute did not permit "conclusory determinations” from "untrained personnel,” holding Stephenson’s testimony was therefore insufficient.
The Appellate Division reversed and reinstated the first count of the indictment, determining that the observations and testing of the substance by two trained officers were sufficient to establish, prima facie, that defendant possessed cocaine. The court rejected defendant’s contention that results of a formal laboratory analysis were required to support an indictment. We now affirm.
We begin analysis by restating the applicable legal standards.
The Grand Jury, of course, does not determine guilt or innocence of the accused. Its primary function " 'is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution’ ” (Matter of Additional Jan. 1979 Grand Jury v Doe, 50 NY2d 14, 19, citing People v Calbud, Inc., 49 NY2d 389, 394). As it applies here, CPL 190.65 authorizes indictment when
"(a) the evidence before it is legally sufficient to establish that such person committed such offense * * * and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” (CPL 190.65 [1].)
The first prong of the statute requires that the People present *730 a prima facie case; the second "dictates the degree of certitude grand jurors must possess to indict” (People v Jennings, 69 NY2d 103, 115). On a motion to dismiss an indictment under CPL 210.20 (1) (b), the court is limited to consideration of the first prong, legal sufficiency of the evidence. Inquiry into the adequacy of the proof to establish reasonable cause — the "degree of certitude” the evidence provides — is exclusively the province of the Grand Jury (CPL 190.65 [1] [b]; People v Jennings, 69 NY2d, at 115).
Legally sufficient evidence — defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (CPL 70.10 [1]) — means simply a prima facie case, not proof beyond a reasonable doubt (People v Mayo, 36 NY2d 1002, 1004). The reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted — and deferring all questions as to the weight or quality of the evidence — would warrant conviction (People v Mikuszewski, 73 NY2d 407, 411; People v Jennings, 69 NY2d, at 114-115). By contrast to the Federal Grand Jury system, where incompetent evidence may be considered (Costello v United States, 350 US 359, 363), New York State indictments must be based on competent evidence, meaning evidence not subject to an exclusionary rule, such as the prohibition against hearsay (Richardson, Evidence § 4, at 4 [Prince 10th ed]; see also, People v Oakley, 28 NY2d 309, 314).
Finally, in a drug-related prosecution, the People’s case is legally sufficient if the evidence provides a "reliable basis” for inferring the presence of a controlled substance (People v Kenny, 30 NY2d 154, 157). More than conclusory assertions that the defendant possessed a drug are required at the Grand Jury stage (People v Dumas, 68 NY2d 729; People v Kenny, 30 NY2d, at 157).
Applying these legal standards to the facts at hand, we conclude that the trial court erred when it held that in order to establish a prima facie case, CPL 190.30 (2) required the People to submit results of a formal laboratory analysis of the substance seized from defendant. While CPL 190.30 (2) does authorize submission to the Grand Jury of a certified laboratory report in place of live testimony of a technician who performed tests on a controlled substance, that provision does not require the People to present the Grand Jury with such a *731 report.[1] It permits a limited exception to the prohibition against hearsay in the Grand Jury — addressing the requirement, in New York State, that an indictment be based only upon "competent” evidence (CPL 190.65 [1]). Here, the officer who performed the field test actually testified before the Grand Jury as to his own observations. Testimony of the Customs officer as to his own observations was not hearsay, and was legally competent evidence. Since the testimony was not subject to an exclusionary rule, application of CPL 190.65 (1) was simply not at issue.
Nor was Stephenson’s testimony "conclusory,” contrary to the determination of the trial court. Stephenson recounted the observations that led him to conclude defendant possessed cocaine, including the telltale packaging in which the substance was found — a substance that looked like crack-cocaine, which he had been trained to identify — and the presence of drug paraphernalia in defendant’s car. Stephenson’s testimony was probative of whether the substance found in defendant’s possession was cocaine, and tended to corroborate the preliminary Scott-Reagent test, a field test routinely relied upon by law enforcement to determine the presence of a controlled substance. These evidentiary facts provided far more support for the Grand Jury’s determination than the showing found insufficient in People v Dumas (68 NY2d 729, supra), where the officer simply asserted that the defendant possessed marihuana without indicating the basis for that claim.
The trial court concluded that results of a single field test were legally insufficient to support an indictment, given that a subsequent formal laboratory analysis might yield a different result. This conclusion was also error.
Evidence later proven unreliable can legally support an indictment. The standard for sufficiency is whether the evidence before the Grand Jury — if uncontradicted — would support a determination of guilt (People v Jennings, 69 NY2d, at 114-115; People v Brewster, 63 NY2d 419, 422). In People v Oakley (28 NY2d 309), we upheld an indictment based on identification testimony later proven to be unreliable. Such evidence — apparently competent at the Grand Jury stage — is *732 to be distinguished from inherently incompetent evidence, inadmissible under any circumstances because subject to a per se exclusionary rule. Evidence deemed inadmissible at trial after extrinsic proof reveals some infirmity may nevertheless have supported a prima facie case at the Grand Jury stage (id.)[2]
Although uncontradicted results of a field test may provide legally sufficient evidence of presence of a controlled substance, meeting the threshold standard of sufficiency is not the same as proving guilt beyond a reasonable doubt at trial (People v Mayo, 36 NY2d, at 1004). Under the statutory scheme, in a felony drug prosecution, CPL 715.50 requires a formal laboratory analysis within 45 days of receipt of the drugs. By the time trial commences, more definitive results will be made available to the defendant. Possible infirmities in the NIK test will by then be moot — either because presence of a controlled substance confirmed that the field test was correct, or because a negative result in the laboratory required dismissal of the case. Where possession of felony-weight drugs is alleged, therefore, the law requires that, prior to trial— where the People will attempt to prove guilt beyond a reasonable doubt — more than a field test be conducted.
Contrary to the concerns of the dissent, if a subsequent laboratory analysis proved the field test incorrect a defendant would not be entitled to dismissal under CPL 210.20 (1) (b), on the ground that the evidence before the Grand Jury was insufficient, (see, dissenting opn, at 735). Sufficiency of evidence before the Grand Jury is examined as of the time of indictment, not in light of subsequent developments (People v Oakley, 28 NY2d, at 313). Dismissal would be available under CPL 210.20 (1) (h), however, on the ground that there exists a "legal impediment to conviction of the defendant for the offense charged,” since it would be impossible for the People to obtain a conviction based on the result of a field test that has been conclusively contradicted.
The dissent cites 7 NYCRR 1010.5 (d) in support of its contention that a single NIK field test result does not reliably establish the presence of cocaine, and therefore cannot sup *733 port a legally sufficient indictment. The cited regulation governs admissibility of NIK field test results to support determination of guilt or innocence at prison disciplinary proceedings. The Department of Correctional Services expressly recognizes that such test results may be presented "as evidence that the suspected substance is what the test result indicates” (7 NYCRR 1010.5). While multiple test results are characterized as allowing a higher degree of certainty than a single test result, even results of a single test are admissible. While results of a single field test may not carry great weight, questions of adequacy of evidence are for the Grand Jury to resolve.
Defendant urges that the officer’s testimony was also insufficient because he was not an expert in the area of drug analysis. But prima facie evidence of the presence of a controlled substance need not be based on expert testimony. All that is required is a "reliable basis” for inferring such presence (People v Kenny, 30 NY2d 154, 157, supra). The opinion of a layperson unsophisticated about drugs does not meet that standard (People v Kenny, 30 NY2d, at 157). Officer Stephenson was not a layperson — he had extensive familiarity with drugs and special training in handling and identification of controlled substances.
This evidence provided a reasonable basis for the Grand Jury to infer defendant possessed cocaine (see, People v Mertz, 68 NY2d 136, 139 [evidence of breathalyzer test results is sufficient to establish prima facie case that defendant drove while intoxicated]). Proof beyond a reasonable doubt was not required at this stage. Contrary to the warning of the dissent, therefore, we do not hold that a defendant may be proven guilty beyond a reasonable doubt based solely on the results of a NIK field test, and we do not shift the ultimate burden of persuasion to defendant.
Accordingly, the order of the Appellate Division should be affirmed.

. By contrast, CPL 715.50 requires the custodian of drugs seized in felony cases to submit the substance for laboratory analysis within 45 days of receipt for qualitative identification and weighing. Notably, the determination to submit a case for Grand Jury consideration generally occurs well before 45 days from arrest have elapsed (see, CPL 180.80).

. Defendant also contends that the officer’s testimony concerning the results of the field test was incompetent because the People failed to establish the field test was generally accepted as reliable under Frye v United States (293 F 1013). The general reliability of the Scott-Reagent field test was an issue first raised on appeal, and is therefore not preserved for our review.