86 N.Y.2d 27 (1995)
652 N.E.2d 925
629 N.Y.S.2d 179
The People of the State of New York, Appellant,
v.
Tomas Sanchez, Respondent.
The People of the State of New York, Appellant-Respondent,
v.
Jose Garcia, Respondent-Appellant.
Court of Appeals of the State of New York.
Argued March 28, 1995.
Decided June 7, 1995.
Robert T. Johnson, District Attorney of Bronx County, Bronx (Billie Manning and Joseph N. Ferdenzi of counsel), for appellant in the first above-entitled action and appellant-respondent in the second above-entitled action.
Mitchell J. Briskey, New York City, and Philip L. Weinstein for respondent in the first above-entitled action.
Victor Schurr, Bronx, for respondent-appellant in the second above-entitled action.
Brenner & Scott, Melville (Jonathan C. Scott of counsel), for New York State Association of Criminal Defense Lawyers, amicus curiae in the first and second above-entitled actions.
Chief Judge KAYE and Judges SIMONS, TITONE, BELLACOSA, LEVINE and CIPARICK concur.
Chief Judge KAYE and Judges TITONE, LEVINE and CIPARICK concur with Judge SMITH; Judge BELLACOSA dissents in part in a separate opinion in which Judge SIMONS concurs.
*30 SMITH, J.
The issue in these cases is whether the evidence before the Grand Jury was sufficient to support charges of criminal possession of contraband under our decision in People v Ryan (82 N.Y.2d 497). Ryan requires that the People demonstrate sufficient legal evidence of a defendant's knowledge of the weight of prohibited drugs to sustain the possession charges in these cases. The evidence of defendant's knowledge in Sanchez was sufficient whereas such evidence in Garcia was insufficient.
In People v Sanchez, two police officers were on routine motor patrol in Bronx County when they observed a car with its trunk lock "popped out." They directed the driver of the car to stop. As the officers approached the car, a single passenger in the rear appeared to be fumbling with something. That passenger opened the rear door and attempted to flee. One of the officers grabbed him, and, after a struggle, succeeded in removing defendant's hand from his left front outer jacket pocket. The officer recovered a brown paper bag *31 which, upon later discovery, contained cocaine of an aggregate weight of 8 7/8 ounces. The motion court concluded that the evidence, before the Grand Jury, of defendant's knowledge of weight was legally insufficient to sustain the charge of criminal possession of a controlled substance in the first degree. It, therefore, reduced count one of the indictment from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree. The Appellate Division affirmed.
In People v Garcia, the police stopped defendant for a traffic infraction while he was driving in Bronx County. A plastic bag containing 3¼ ounces and 3 grains of cocaine was recovered from the automobile. The motion court found no evidence of defendant's knowledge of the weight was presented to the Grand Jury. It reduced count one of the indictment from criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree. It also dismissed count two of the indictment which charged criminal possession of a controlled substance in the third degree. The Appellate Division modified in Garcia by reinstating count two, and otherwise affirmed.
In a joint memorandum which determined both Sanchez and Garcia, the Appellate Division noted that the trial court properly concluded that the evidence before the Grand Jury was insufficient to establish that defendants possessed the requisite knowledge of the weight of the substance they possessed. Regarding Garcia, the Appellate Division determined that the trial court erred by dismissing count two of the indictment charging defendant with criminal possession of a controlled substance in the third degree. The Court reasoned that intent to sell may be established by proof that a defendant possessed a significant quantity of drugs, citing People v Alvino (71 N.Y.2d 233, 245). Thus, as to Garcia, the Appellate Division reinstated count two of the indictment. A Judge of this Court granted the People leave to appeal in both cases, and, in Garcia, granted defendant leave to cross-appeal.
The People argue that the indictments were supported by sufficient evidence. Defendant Sanchez contends that the motion court properly reduced the first count of the indictment. Defendant Garcia, like Sanchez, claims that the indictment in his case was insufficient, and, additionally, urges that the Appellate Division erred by reinstating the count of his indictment for criminal possession of a controlled substance in the third degree.
*32 In Ryan, we determined that the Legislature did not intend to make the weight of a drug a strict liability element. The felony-weight offenses of possession of a controlled substance therefore contain an element of mental culpability as to the weight of the drugs possessed.
As we wrote in Ryan:
"Often there will be evidence from which the requisite knowledge may be deduced, such as negotiations concerning weight, potency or price (see, e.g., People v Acosta, 80 N.Y.2d 665, 668, n 1, and 672-673). Similarly, for controlled substances measured on an `aggregate weight' basis (see, e.g., Penal Law § 220.06 [2]), knowledge of the weight may be inferred from defendant's handling of the material, because the weight of the entire mixture, including cutting agents, is counted * * *.
"By contrast, that same inference may be unavailable for controlled substances measured by `pure' weight, like psilocybin. The effective doses of these drugs may be minuscule, and they are customarily combined with other substances to facilitate handling and use. In these circumstances it may indeed be difficult to show defendant's knowledge of the weight. Although we cannot simply read the knowledge requirement out of the statute, these `compelling practical considerations' may inform our interpretation of that element (see, People v Mizell, 72 NY2d, at 654)" (82 NY2d, at 505).
We went on to say that, at a minimum, a person in possession of drugs is not "deserving of enhanced punishment unless he or she is aware that the amount possessed is greater" than the statutory threshold (id., at 505). Where culpability is based on pure, as opposed to aggregate, weight, possession alone does not give rise to such an inference. We concluded with the observation that our purpose was "not to survey all of the permissible methods [of proving weight] but to clarify that the statute does in fact contain a weight-related mental culpability element" (id., at 506).
Having made that ruling in Ryan, we are now called upon in these cases to perform the additional task we were not required to undertake there: to survey permissible methods of proving a defendant's knowledge.
Knowledge, like other forms of mental culpability, typically *33 is established directly by admission, circumstantially by conduct, or indirectly by contradictory statements from which guilt may be inferred (People v Reisman, 29 N.Y.2d 278, 285; see also, People v Mizell, 72 N.Y.2d 651, 656; People v Barnes, 50 N.Y.2d 375, 381; People v Sierra, 45 N.Y.2d 56, 60). Where a defendant possesses illegal drugs, we have recognized that possession alone suffices to permit the inference that the possessor knows the nature of what is possessed, especially (but not exclusively) if it is in the defendant's hands or vehicle or on the defendant's person or premises (Reisman, 29 NY2d, at 285-286). Inferences of knowledge are rooted in probabilities based on experience and proof (id.).
Where the inference to be drawn is that of weight  as opposed to the bare fact that the substance possessed was an illegal drug  possession alone does not readily support the conclusion that defendant was also aware that the drugs possessed were of a certain weight. In order to avoid overpenalizing someone who "unwittingly possesses a larger amount of a controlled substance than anticipated" (Ryan, 82 NY2d, at 505), there generally must be additional evidence from which knowledge of weight in particular can be inferred. We emphasize that it is culpability for "unwitting" possession we seek to avoid. There may be instances where possession combined with other factors  such as the substantial quantity of drugs possessed or the manner in which they are packaged  supports the conclusion that defendant was aware of the weight of the drugs possessed.
"Handling" of drugs, contrary to the interpretation of some lower courts, is not limited to instances where the defendant manipulates the substance in the process of manufacture and packaging of drugs. It merely connotes sufficient contact with the substance to experience its weight  to give rise to a probability defendant became aware of the weight of the drugs in his possession. Such contact need not lead to precise knowledge of weight in ounces or grams. One need not know the precise weight, in pounds and ounces, of a cantaloupe to know that it has a certain heft, and is heavier than an orange. When one is charged with discerning minuscule variations in weight, however  assessing the difference in weight between two and seven grapes, for example  presumptions break down. In many drug prosecutions, similarly, a defendant's level of culpability could increase drastically by the presence of milligrams above the statutory threshold. Presuming the defendant knew the weight of the drugs was just *34 above  as opposed to just below  the statutory threshold is problematic. Possession alone could rarely be enough in such a close case.
Some cases are simpler than others. When drugs are packaged in vials, with roughly the same quantity in each vial throughout the drug-dealing industry, possession of a specific number of vials of cocaine would generally give rise to an inference defendant knew he possessed that particular quantity of drugs (see, e.g., Ryan, 82 NY2d, at 506 [discussing evidence that, typically, possession of "dose" of drug is evidence of knowledge of weight of dose]). Where there is evidence of the price paid for a quantity of drugs, then there is evidence defendant knew its weight, since value is based on weight.
In People v Sanchez there was more than mere possession of an indeterminate quantity of drugs. Sanchez had over eight ounces of cocaine on his person, more than twice the threshold amount for criminal possession of a controlled substance in the first degree. The evidence need not establish awareness, down to the last grain, of the precise weight of drugs in the defendant's possession. Possession of such a substantial quantity of drugs was evidence that he was aware he possessed at least half that amount, and thus was sufficient for the Grand Jury to indict.
Furtive conduct  while present here  is not particularly probative, since possession of any amount of controlled substance is a crime (People v Mizell, supra) and even a person unaware of the quantity of drugs possessed might try to conceal possession of a substance known to be illegal. Defendant Sanchez struggled against arrest, but that conduct alone did not establish that he was an experienced courier of drugs, familiar with drugs and drug trade. In his case, therefore, possession alone of an amount of drugs well in excess of the threshold amount was sufficient to support an inference of knowledge that he possessed at least the threshold amount.
In People v Garcia, possession alone is not enough to establish knowledge of weight because the amount possessed was so close to the statutory limit of two ounces, and no other circumstances indicated familiarity with drugs that might lead to knowledge of weight. As we observed in Ryan, there may be instances where it is indeed difficult to show defendant's knowledge of the weight, but we cannot simply read the knowledge requirement out of the statute (Ryan, 82 NY2d, at 505). *35 While the practical considerations of the difficulties in prosecuting drug possession cases may inform our interpretation of that element, there may be instances where the People will simply have to proceed with a lesser degree offense in order to make out a legally sufficient case. Where a minute quantity of drugs lifts the defendant over the threshold to a higher count of drug possession, possession of that greater amount may be unwitting. In that instance, there is legally insufficient evidence to support the element of knowledge of weight.
For these same reasons, the order of the Appellate Division, insofar as it reinstated Garcia's conviction of third degree possession with intent to sell, must be reversed. While defendant's possession of a "substantial" quantity of drugs can be cited as circumstantial proof of an intent to sell (People v Alvino, 71 N.Y.2d 233, 245, supra), it cannot be said as a matter of law that the quantity of uncut and unpackaged drugs possessed in this case permitted an inference that defendant intended to sell them. More than mere possession of a modest quantity of drugs, not packaged for sale and unaccompanied by any other saleslike conduct, must be present for such an inference to arise. We caution, however, that we do not conclude here that possession of 3¼ ounces of cocaine, as a matter of law, cannot be a legally sufficient amount of contraband to support a sale charge. Our position is that, on these facts, there is no indication that defendant had knowledge of the weight of the drugs. None of the commonly known indicia of weight, such as telltale packaging, knowledge of value, or a voluminous appearance of the drugs was present here (see, Ryan, 82 NY2d, at 506, supra).
Finally, People v Swamp (84 N.Y.2d 725) does not require a different result. Swamp addressed the question of sufficiency of evidence that a substance possessed by defendant was an illegal drug, not sufficiency of evidence of defendant's knowledge of weight. In order to present a legally sufficient case to the Grand Jury, the People need submit no more than "competent evidence which, if accepted as true" would establish each element of the crime (CPL 70.10 [1]). That standard is simply not met, however, where the sole evidence proffered on the element of knowledge of weight of drugs possessed is the bare fact that defendant possessed drugs of a quantity that rose just above the statutory threshold of two ounces.
Accordingly, in People v Sanchez, the order of the Appellate *36 Division should be reversed and defendant's motion to reduce the charge in count one of the indictment denied. In People v Garcia, the order of the Appellate Division should be modified by dismissing count two of the indictment and, as so modified, affirmed.
BELLACOSA, J. (dissenting in part in People v Garcia only).
In People v Sanchez (decided in a combined opinion for the Court with People v Garcia), Judge Simons and I concur in the unanimous determination that sufficient evidence was presented to the Grand Jury to support defendant Sanchez's indictment. In People v Garcia, while we agree in the unanimous determination that no evidence or inferences are available to support the charge of criminal intent to sell cocaine (see, Penal Law § 220.16 [1]), we find sufficient evidence and inferences to uphold the criminal possession accusation, just as the Court does in Sanchez. Thus, we respectfully dissent from that part of the Court's ruling in the Garcia case.
The undercover officer testified in Garcia that during routine patrol he observed defendant's vehicle proceed through a stop sign. The officer pulled the vehicle over and, as he approached from the passenger side, he saw defendant remove a clear plastic bag from the jacket on which he was sitting. He then watched defendant move and place the bag under the driver's seat. Defendant was arrested and the bag of crack cocaine was confiscated. The People also presented the Grand Jury with a chemist's lab report showing that the clear plastic bag contained 3¼ ounces and three grains of crack cocaine.
The sole question is whether the People presented legally sufficient evidence to the Grand Jury (CPL 70.10 [1]), providing that body with a basis and record from which it could draw permissible inferences to accuse defendant of criminal possession of a controlled substance in the second degree (see, Penal Law § 220.18). We conclude that the presentment was sufficient under long-standing rules of review. Ironically, even under the new test and analysis propounded for application in People v Sanchez, decided together today, we would find sufficient evidence for the charge to be lodged.
People v Ryan (82 N.Y.2d 497, 505), a posttrial-review-of-evidence case, fortifies our view. Indeed, in People v Hill (85 N.Y.2d 256, 263), decided this year, the Court applied Ryan and held that knowledge of the requisite minimum weight of the drugs may be inferred, for guilt beyond a reasonable doubt, from defendant's "`handling'" of the materials or from the *37 "negotiations during a narcotics transaction, including discussions about price" (id., at 263 [emphasis added]). In Ryan, a pure weight, not an aggregate weight situation as here, the Court tendered the same analysis and guidance (82 N.Y.2d 497, 505, supra).
Most significantly and distinguishably, the instant Garcia case is a Grand Jury accusatory stage matter involving aggregate weight crack cocaine in a bag handled by the defendant. Its procedural first-stage setting compels an a fortiori application of the relevant aspects of the Ryan and Hill cases  unless the Court is retreating or lessening their weight.
Also, the difference in the Garcia case from the Sanchez case is that, in the latter, the handled contraband weighed "more than twice the threshold amount;" (majority opn, at 34 [emphasis added]) in Garcia, it weighed almost twice the threshold amount. That is not an analytical difference and the amounts are quantitatively so close that a different and principled difference in result is not warranted. The new rule, such as it is, will be nearly impossible to discern or apply evenhandedly in motion courts on the virtually automatic application to inspect Grand Jury minutes and dismiss indictments made in every criminal case. We respectfully suggest that the analysis, the rule propounded and the eventual attempted application in thousands of cases are not constructively advanced by characterizing defendant Garcia's handling and secreting of his bag of crack cocaine as "minuscule," "minute," "modest," or "so close to the statutory limit" (it was more than 1½ times the statutory limit) (majority opn, at 33, 34, 35). Nor is this case about presumptions, but rather only about customary inferences allowable to be drawn by a Grand Jury at the accusatory stage.
This Court recently stated in People v Swamp (84 N.Y.2d 725) that the proper standard for reviewing the sufficiency of the evidence to support an indictment is "legal sufficiency," and that favorable inferences flow to the People at this accusatory stage (id., at 730; see also, People v Mikuszewski, 73 N.Y.2d 407, 411). Additionally, at the pleading stage, a reviewing court must view the evidence supporting the indictment in the light most favorable to the People (see, People v Warner-Lambert Co., 51 N.Y.2d 295, 299, cert denied 450 US 1031), and the court may not substitute itself for the Grand Jury in drawing or not drawing permissible inferences or drawing different inferences, as the Court seems to be doing in the Garcia analysis (see, People v Dordal, 55 N.Y.2d 954, 956).
*38 The standard itself is defined in CPL 70.10 (1) as "competent evidence which, if accepted as true, would establish every element of an offense charged" (see also, People v Jennings, 69 N.Y.2d 103, 115). This standard focuses the appellate reviewing courts on the determination only of whether the facts, if proven, and the inferences that logically flow from those facts, supply proof of every element of the charged crime. That other innocent inferences could possibly be drawn from the facts  what the majority repeatedly and speculatively refers to as the possible "unwitting" accused cases  is beside the point, so long as a Grand Jury could reasonably have drawn a guilty inference for accusatory purposes only (see, People v Reisman, 29 N.Y.2d 278, 283, 285-287, cert denied 405 US 1041). The truly exceptional unwitting possessors of legislatively classified levels of contraband are entitled to their opportunity to counter the commonsense inferences and universal experience before the trier of the facts  usually a petit jury (id., at 285-287). Accordingly, evidence may be "legally sufficient" even though it turns out to be insufficient to sustain guilt beyond a reasonable doubt, or not enough to provide "`"reasonable cause" to believe that the defendant committed the crime charged'" (see, People v Mikuszewski, 73 N.Y.2d 407, 411, supra; see also, Commission Staff Comment to Proposed CPL 35.10 [now CPL 70.10], reprinted in McKinney's 1967 Pamphlet, at 77; People v Sabella, 35 N.Y.2d 158, 167).
Here, the evidence presented to the Grand Jury established that defendant Garcia handled the clear plastic bag of cocaine when he lifted the bag from his personal clothing nearby and then tried to secret it. This handling was more extensive than Sanchez's, a case in which we unanimously uphold the criminal possession accusation. In Sanchez, the evidence before the Grand Jury showed defendant placing his hand on a paper bag which was in his jacket pocket. Defendant Sanchez did not remove the paper bag, did not otherwise handle the drugs other than touching the package in his pocket, and did not try to secret the package.
The contrary result in the Garcia case on the criminal drug possession accusation creates a new, amorphous and quite arbitrary weight or heft differential and classification superimposed by this Court on the weight units prescribed by the Legislature. Thus, we dissent in People v Garcia.
In People v Sanchez: Order reversed and defendant's motion to reduce the charge contained in count one of the indictment denied.
In People v Garcia: Order modified by dismissing count two of the indictment and, as so modified, affirmed.