■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ENRIQUE ZELAYA, Respondent. [648 NYS2d 93] —Order, Supreme Court, Bronx County (Robert H. Straus, J.), entered November 27, 1995, granting defendant's motion to dismiss the first count of the indictment charging criminal sale of a controlled substance in or near school grounds, unanimously reversed, on the law, the motion denied and the count reinstated.

Pursuant to Penal Law § 220.44, it is a class B felony to sell

drugs "upon school grounds," a term that encompasses not only school property itself but also "any area accessible to the public located within one thousand feet of the real property boundary line comprising any such school" (Penal Law § 220.00 [14] [b]). Defendant was arrested for selling crack cocaine to an undercover officer in the vicinity of two schools. The officer testified in the Grand Jury that each school was "about a block away" from where the sale occurred and "within a thousand feet" of the transaction.

In a boilerplate omnibus motion, and without specific reference to the first count of the indictment, defendant sought the court's inspection of the Grand Jury minutes to review the sufficiency of the evidence and determine whether any of a litany of errors had occurred during the Grand Jury proceedings. The court inspected the minutes and concluded that the officer's testimony, as described above, was insufficient "to establish that the sale took place within 1000 feet of school property as there was no evidence presented concerning the actual distance between the location of the sale and school property nor did the testifying officer state the basis for his conclusion regarding the distance between the schools and the sale site."

We find that the evidence before the Grand Jury was legally sufficient to support the charge of selling drugs in or near school grounds and reinstate the count. The proper standard for review of legal sufficiency before the Grand Jury, under CPL 70.10 (1), is whether there was "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission of it (CPL 70.10 [1]; *People v Jennings*, 69 NY2d 103, 115)" (*People v Mikuszewski*, 73 NY2d 407, 411). The People have only to present evidence establishing a prima facie case, not evidence establishing guilt beyond a reasonable doubt (*People v Swamp*, 84 NY2d 725, 730). Here, the officer testified that the distance was within one thousand feet and even added that the sale was only a block away from two schools. While defendant disputes that "one block away" has any meaning, we note that when the statute was passed, it was understood that this distance was "the equivalent of two city blocks" (Mem of St Exec Dept, 1986 McKinney's Session Laws of NY, at 2892).

Testimony regarding the exact distance or elaborating on the basis of the officer's conclusion would affect the weight or quality of the evidence, and the People might well choose to introduce such evidence at trial. For purposes of legal sufficiency, however, such additional testimony is not necessary.

Indeed, according to *People v Swamp (supra*, at 731), even

"[e]vidence later proven unreliable can legally support an indictment". The use of a preliminary laboratory report in the Grand Jury was found to provide legally sufficient evidence in *Swamp*, notwithstanding the fact that the final report might actually contradict those findings. In such event, the Court of Appeals noted, the proper remedy would be to move to dismiss on the ground that there is a "legal impediment" to conviction, under CPL 210.20 (1) (h) (84 NY2d, *supra,* at 732). This would also be the proper remedy in a case involving a sale near a school, where the distance may later be found, through discovery or defense investigation, to exceed the statutory distance. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Mazzarelli, JJ.