◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE BOONE, Respondent. [666 NYS2d 127] —Order, Supreme Court, Bronx County (Ceasar Cirigliano, J.), entered May 27, 1997, granting defendant's motion to reduce count four of indictment number 1060/97 from criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree, unanimously reversed, on the law and the facts, the motion denied, and the original fourth count of the indictment reinstated.

The undercover police officer who made the initial buy from the defendant testified before the Grand Jury that at about 6:10 P.M. on December 27, 1996, he purchased a glassine envelope of heroin marked "Stingray" from the defendant at the corner of East 161 Street and Tinton Avenue in the Bronx. Detective Kevin Kelly testified that he received a radio transmission from the undercover officer and arrested the defendant about ten minutes after the sale. The undercover officer drove by and confirmed that Detective Kelly had arrested the person who sold him the heroin. Upon searching the defendant, Detective Kelly found $11, none of which was the $10 pre-recorded buy money, and another glassine envelope of heroin, also marked "Stingray". Police testimony also established that the alleged buy location was within 1,000 feet of a school.

The defendant testified before the Grand Jury that he had gone with two friends to buy cigarettes at a store on 161st Street and Tinton Avenue and was arrested when he came out of the store. He denied possessing or selling heroin. One of the two friends testified that they had gone for cigarettes, but that he had bought the cigarettes while the defendant had stayed outside.

On February 19, 1997, by indictment number 1060/97, the defendant was charged with criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Counts three and four refer to the envelope he allegedly sold to the undercover officer and the envelope allegedly recovered from him by Detective Kelly after the arrest, respectively.

On May 27, 1997, the court granted the defendant's motion to reduce count four of the indictment from third-degree to seventh-degree possession. The court held that the defendant's prior sale of one glassine envelope of "Stingray" heroin to the undercover officer was insufficient to establish that he intended to sell the second bag of "Stingray" heroin which was recovered from him after his arrest. The People now appeal this order. For the reasons outlined below, we reverse the trial court's order and reinstate the third-degree possession count.

Under Penal Law § 220.03, a person is guilty of criminal possession of a controlled substance in the seventh degree if he knowingly and unlawfully possesses a controlled substance. Under Penal Law § 220.16, a person is guilty of criminal possession of a controlled substance in the third degree if he knowingly and unlawfully possesses a narcotic drug with intent to sell it. Heroin is designated a controlled substance and a narcotic drug by Public Health Law § 3306 (I) (b) (10) and Penal Law § 220.00 (7).

The court erroneously concluded that the evidence presented to the Grand Jury was insufficient to support the inference that the defendant intended to sell the second glassine of heroin. In the context of a Grand Jury indictment, legally sufficient evidence "means simply a prima facie case, not proof beyond a reasonable doubt" (*People v Swamp*, 84 NY2d 725, 730). According to CPL 70.10 (1), it is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof". When evaluating the sufficiency of the evidence supporting the indictment, "[t]he reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*People v Swamp*, 84 NY2d, *supra,* at 730).

Here, only a few minutes before the second glassine envelope was discovered, the defendant had sold an identical glassine envelope of heroin bearing the same brand name to an undercover officer. The evidence of the very recent prior sale

was sufficient to make out a prima facie case of intent to sell the second glassine envelope.

In *People v Wolfe* (215 AD2d 207, 208, *lv denied* 86 NY2d 805), the undercover officer's testimony, that he saw the defendant engaging in three hand-to-hand transactions on the street corner and receiving money, was sufficient to support the jury's finding that the defendant had intended to sell the crack cocaine found on his person. Similarly, in *People v Casio* (186 AD2d 412, *lv denied* 81 NY2d 786), the officer observed the defendant selling vials to an unapprehended individual, which was sufficient to support the jury's finding that the defendant had intended to sell the 13 vials in the brown paper bag found on his person when he was arrested. Thus, the evidence of a contemporaneous sale in the instant case was certainly sufficient to support the People's prima facie case on the fourth count of the indictment. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Tom, JJ.