■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD SHEFFIELD, Respondent. [697 NYS2d 269] —Order, Supreme Court, New York County (Herbert Altman, J.), entered on or about March 26, 1998, which dismissed the indictment on the ground that the Grand Jury minutes were legally insufficient, and order, same court and Justice, entered on or about October 29, 1998, which granted reargument and, upon reargument, adhered to the original decision, unanimously reversed to the extent appealed from, on the law, without costs, Count 2 of the indictment reinstated, and the matter remanded for further proceedings.

In determining whether the evidence before a Grand Jury was legally sufficient to indict defendant, a court "must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*People v Swamp*, 84 NY2d 725, 730). Here, there was evidence sufficient to establish that defendant was "legally charged" with the care of the subject 11-year old child because he was "responsible for the child's care at the relevant time" (Family Ct Act § 1012 [g]) and "fail[ed] * * * to exercise reasonable diligence in the control of such child to prevent [the detrimental consequences]" (Penal Law § 260.10 [2]). Specifically, the People presented evidence that defendant had taken the child and her mother into his one-room apartment, where all three had resided for more than a year. In fact, both defendant and the mother admitted that all three had shared the same bed. The evidence also showed that the child had not left

the apartment for months, although her mother had gone out on a daily basis. When the officers arrived at the apartment, defendant was home alone with the child and referred to her as his "stepdaughter". In addition, defendant told a police detective that he would buy food for the girl in the morning. As an adult member of the household, who at times during the relevant period had sole custody of the child, defendant assumed responsibility for her care and, as such, was chargeable with exercising reasonable diligence in the discharge of that responsibility (*see, People v Carroll*, 93 NY2d 564).

Defendant's argument regarding the extent of his involvement with the child might be an issue for trial, but is not grounds for dismissal of the indictment (*see, supra,* at 569). Concur—Ellerin, P. J., Rosenberger, Tom, Lerner and Saxe, JJ.