■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LYNN M. PEASE, Respondent. [777 NYS2d 570]—

Lahtinen, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered July 17, 2003, which granted defendant's motion to dismiss the indictment.

In May 2001, defendant received a check drawn on an Aetna account payable to Larry Pease for over $2,600. Without contacting Pease, she endorsed his name and deposited the check in her checking account. Although defendant and Pease were still married at that time, they had been legally separated for about five years. In January 2002, Pease received a collection notice on behalf of Aetna demanding repayment of the $2,600, which allegedly was an overpayment Aetna had made of health insurance benefits. Pease claimed this letter was the first time he heard about the check and, thereafter, he learned that the check payable to him had been sent to defendant's address. During the ensuing police investigation, defendant told police in a voluntary statement that she thought the check was for doctor's bills she had received following surgery. Pease was obligated at the relevant time to provide a portion of defendant's medical coverage.

A grand jury subsequently indicted defendant for the crimes of forgery in the second degree (see Penal Law § 170.10 [1]), criminal possession of a forged instrument in the second degree (see Penal Law § 170.25) and grand larceny in the fourth degree (see Penal Law § 155.30 [1]). Defendant's motion to dismiss the indictment for insufficient grand jury evidence (see CPL 210.20) was granted by County Court. The court found that the People failed to present competent evidence of defendant's intent to defraud, deceive or injure another as to counts one and two, and, as to count three, to permanently deprive an owner of property. The People appeal.

"The Grand Jury . . . does not determine guilt or innocence

of the accused" (*People v Swamp*, 84 NY2d 725, 729 [1995]). Rather, "its primary function 'is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime' " (*Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe*, 50 NY2d 14, 19 [1980], quoting *People v Calbud, Inc.*, 49 NY2d 389, 394 [1980]; *accord People v Swamp, supra*). It may indict an individual "when reasonable cause from competent and admissible evidence is presented to it, supporting its belief that legally sufficient evidence is present to establish that the accused committed the offense" (*People v Reyes*, 75 NY2d 590, 593 [1990]; *see People v Jennings*, 69 NY2d 103, 115 [1986]). A reviewing court must view the evidence in the light most favorable to the People and its "inquiry is limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference' " (*People v Bello*, 92 NY2d 523, 526 [1998], quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Carroll*, 93 NY2d 564, 568 [1999]; *People v Warner-Lambert Co.*, 51 NY2d 295, 298-299 [1980], *cert denied* 450 US 1031 [1981]).

Viewing the evidence in light of such standard, we find that it satisfied the legal sufficiency requirement. The check from Aetna was made out to Pease and defendant admitted to police that she signed Pease's name. Pease testified that defendant did not have authority or permission to sign his name. Stephen Vizvary, the regional security manager from the bank where defendant had an account, testified and produced bank records reflecting that the check was deposited in an account owned solely by defendant. Examining the bank records for a month following the deposit revealed that, while expenditures were made by defendant for various items, no checks were issued relating to health care costs. Pease executed a sworn "check forgery statement" for Aetna, which resulted in the bank reimbursing Aetna the amount of the check and Vizvary testified that the bank had not since been repaid. While defendant offered an explanation for her conduct in a statement to police, such explanation is not a relevant factor when reviewing whether the evidence before the grand jury was legally sufficient (*see People v Carroll, supra* at 568-569; *People v Jensen*, 86 NY2d 248, 252 [1995]; *People v Swamp, supra* at 730). Accordingly, the order of dismissal must be reversed.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.