OPINION OF THE COURT
Sheryl L. Parker, J.
*825 Pursuant to the defendant’s motion to inspect and dismiss, the court has read the grand jury minutes in camera.
Defendant has been indicted for aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]), aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iii]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]) and operating a motor vehicle while impaired (Vehicle and Traffic Law § 1192 [1]). It is alleged that on July 21, 2005, defendant was observed at a police checkpoint having difficulty driving and having bloodshot eyes and a strong smell of alcohol. It is further alleged that defendant was operating a motor vehicle while his license was suspended pending prosecution for a violation of Vehicle and Traffic Law § 1192.
The evidence presented to the grand jury, viewed in the light most favorable to the People (People v Swamp, 84 NY2d 725 [1995]), is insufficient to support the charges of aggravated unlicensed operation of a motor vehicle in the first and second degrees. Defendant is charged with operating a motor vehicle upon a public highway while knowing or having reason to know his license to operate a motor vehicle was suspended or revoked pending prosecution on a violation of Vehicle and Traffic Law § 1192. A mandatory license suspension pending prosecution occurs only under one or more of the following circumstances: (1) When the driver is charged with operating a motor vehicle while under the influence of alcohol or drugs pursuant to Vehicle and Traffic Law § 1192 (2), (3), or (4) and a felony assault or homicide arising out of the same incident. (Vehicle and Traffic Law § 1193 [2] [e] [1] [a] [i].) (2) When the driver is charged with driving under the influence of alcohol or drugs pursuant to Vehicle and Traffic Law § 1192 (2), (3), or (4) and has been convicted of any violation of Vehicle and Traffic Law § 1192 within the preceding five years. (Vehicle and Traffic Law § 1193 [2] [e] [1] [a] [ii].) (3) When the driver has forfeited bail upon a charge of Vehicle and Traffic Law § 1192. (Vehicle and Traffic Law § 1193 [2] [e] [2].) (4) When the driver is charged with operating a motor vehicle while under the influence of alcohol pursuant to Vehicle and Traffic Law § 1192 (2) or (3) and at the time of his arrest is alleged to have a blood alcohol content of .08% or more. (Vehicle and Traffic Law § 1193 [2] [e] [7] [a].) *826 (5) When the driver holds a class DJ or MJ learner’s permit or driver’s license and is charged with a violation of Vehicle and Traffic Law § 1192 (1), (2) or (3). (Vehicle and Traffic Law § 1193 [2] [e] [7] [a-1].) In other words, it is not enough for the driver to have a prosecution for a violation of Vehicle and Traffic Law § 1192 currently pending in court. The driver’s license must have been suspended for any of the afore-enumerated reasons for his license to be considered a “mandatory suspension” pending prosecution under Vehicle and Traffic Law § 511 (2) (a) (iii). Additionally, it is axiomatic that when the prosecution terminates, a defendant’s license is no longer suspended pending prosecution.
The evidence before the grand jury included the defendant’s abstract of driving record and his New York State criminal record. These documents show that defendant was arrested on May 20, 2003 for a violation of Vehicle and Traffic Law § 1192. His abstract of driving record indicates a suspension pending prosecution which began that day. It appears that suspension was for a blood alcohol content exceeding the legal limit. (Vehicle and Traffic Law § 1193 [2] [e] [7] [a].) On February 3, 2004, in resolution of his arrest on May 20, 2003, defendant was convicted on a plea of guilty to the traffic infraction of Vehicle and Traffic Law § 1192 (1). Defendant’s sentence included a 90-day license suspension. On that same date the defendant was issued a conditional license by the Department of Motor Vehicles. There were no other arrests for driving under the influence of alcohol or drugs until July 21, 2005 when defendant was arrested on the instant matter. On that date he was operating a motor vehicle while his license was suspended five times for an insurance lapse, revoked twice for matters that appear to be unrelated to the instant offense,* and suspended due to the sentence on February 3, 2004. It is evident, however, that defendant was not driving while his license was suspended pending prosecution. (Vehicle and Traffic Law § 511 [2] [a] [iii].)
Accordingly, the evidence was insufficient to support an indictment for Vehicle and Traffic Law § 511 (3) (a) (i); (2) (a) (iii), and counts one and four are dismissed.
Otherwise, the evidence adduced before the grand jury was legally sufficient to establish the finding of the indictment (People v Pelchat, 62 NY2d 97 [1984]; People v Calbud, Inc., 49 NY2d 389 [1980]).
*827 The Assistant District Attorney correctly charged the grand jury with respect to the applicable law. Further reduction of any count of the indictment is not warranted.

 Revocations due to “CL/RL” were placed in the record but no explanation of these abbreviations was provided.