# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**231**
**CAF 12-01651**
PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF BRANDON A.,
RESPONDENT-APPELLANT.

\----------------------------

LIVINGSTON COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

JOHN M. LOCKHART, ATTORNEY FOR THE CHILD, GENESEO, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered April 9, 2012 in a proceeding pursuant to Family Court Act article 3. The order, inter alia, adjudicated respondent to be a juvenile delinquent.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

On appeal from an order, inter alia, adjudicating respondent to be a juvenile delinquent based upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), respondent contends that the petition was facially insufficient. We agree. We note at the outset that, because a facially sufficient petition is a jurisdictional prerequisite to adjudicating respondent a juvenile delinquent, respondent's admission does not preclude his challenge to the petition (*see Matter of Shane B.*, 4 AD3d 650, 651). A juvenile delinquency petition is facially sufficient when "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged" and when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [2], [3]; *see Matter of Angel A.*, 92 NY2d 430, 433).

Respondent correctly contends that the petition fails to include sufficient nonconclusory factual allegations to establish reasonable cause and a prima facie case for the crime charged. The petition alleged that respondent knowingly and unlawfully sold a controlled substance, i.e., Adderall (*see* Penal Law § 220.31). The Court of Appeals has made clear that "[s]tanding alone, a conclusory statement that a substance seized from a defendant was a particular type of

controlled substance does not meet the reasonable cause requirement" (*People v Kalin*, 12 NY3d 225, 229). Petitioner must provide factual allegations that establish a reliable basis for inferring the presence of a controlled substance (*see id.*; *Angel A.*, 92 NY2d at 434-435). The petition here is supported by only the conclusory statements of respondent's classmate and an officer that the substance was Adderall. Their statements are not "supported by evidentiary facts showing the basis for the conclusion that the substance sold was actually [Adderall]" (*People v Dumas*, 68 NY2d 729, 731; *cf. Kalin*, 12 NY3d at 229-231; *Angel A.*, 92 NY2d at 432-435; *People v Pearson*, 78 AD3d 445, 445, *lv denied* 16 NY3d 799).

Entered:  April 26, 2013                      Frances E. Cafarell
                                              Clerk of the Court