# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**674**

**CAF 12-00947**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF CASEY C.T.,
RESPONDENT-APPELLANT.

----------------------------

GENESEE COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

CHARLES PLOVANICH, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
RESPONDENT-APPELLANT.

CHARLES N. ZAMBITO, COUNTY ATTORNEY, BATAVIA (DURIN B. ROGERS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered May 1, 2012 in a proceeding pursuant to Family Court Act article 3. The order adjudged respondent to be a juvenile delinquent and placed him on probation for a period of twelve months.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based upon his admission that he committed acts that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree (Penal Law § 145.00 [1]). We reject respondent's contention that the petition was jurisdictionally defective because the allegations of the factual part of the petition consisted solely of hearsay, in violation of Family Court Act § 311.2 (3). The petition states that the information contained therein was derived from "statements and admissions of Respondent and/or the statements and depositions of witnesses now filed with this court." Those statements included confessions from respondent and his accomplices, as well as depositions of various other witnesses. There is no support in the record for respondent's assertion that the statements in question were not actually filed with the petition. In any event, we note that respondent's assertion was refuted by the clerk of Family Court, who submitted an affidavit in support of petitioner's motion to strike that portion of respondent's reply brief in which he makes the assertion. We thus conclude that "the non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (§ 311.2 [3]; *see Matter of Angel A.*, 92 NY2d 430, 433).