People v Carlin (2019 NY Slip Op 04788)





People v Carlin


2019 NY Slip Op 04788


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

110257

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
PATRICK J. CARLIN, Respondent.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Gary M. Pasqua, District Attorney, Canton (Sara E. Charpentier of counsel), for appellant.
Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered February 23, 2018, which, upon reviewing the grand jury minutes pursuant to a stipulation in lieu of motions, dismissed the indictment.
Following two controlled transactions in which he allegedly sold cocaine to a confidential informant (hereinafter CI), defendant was charged by indictment with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The People and defendant subsequently entered into a stipulation in lieu of motions under which they agreed, among other things, to have County Court review the grand jury minutes to determine whether the evidence was legally sufficient to support the indictment (see CPL 210.20 [1] [b], [c]; 210.30) and whether the integrity of the grand jury proceedings had been impaired (see CPL 210.20 [1] [c]; 210.35 [5]). Upon conducting that review, County Court concluded that the People did not present competent evidence to establish that the substance possessed and sold by defendant was cocaine. The court further found that the integrity of the grand jury proceedings had been impaired by the CI having been permitted to testify using only his CI number, without the People making a record as to the reason for concealing his name from the grand jury or taking steps to memorialize the CI's identity "by exhibit or testimony placed on the record outside the presence of the grand jury, for verification and review in further proceedings as the need may arise." Consequently, County Court dismissed the indictment, with leave to the People to re-present the matter to another grand jury. The People appeal.
We affirm. In assessing whether dismissal of an indictment is warranted under CPL 210.20 (1) (b), a reviewing court must assess whether the People presented legally sufficient evidence to establish the offense or offenses charged (see People v Jennings, 69 NY2d 103, 115 [1986]; see also CPL 190.65 [1] [a]). "'Legally sufficient evidence' means competent evidence which, if accepted as true, would establish every element of an offense charged and the [*2]defendant's commission thereof" (CPL 70.10 [1]; see People v Grant, 17 NY3d 613, 616 [2011]; People v Swamp, 84 NY2d 725, 729-730 [1995]). "The reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted — and deferring all questions as to the weight or quality of the evidence — would warrant conviction" (People v Swamp, 84 NY2d at 730; see People v Jennings, 69 NY2d at 115; People v Park, 163 AD3d 1060, 1061 [2018]). "[I]n a drug-related prosecution[, as we have here,] the People's case is legally sufficient if the evidence provides a 'reliable basis' for inferring the presence of a controlled substance" (People v Swamp, 84 NY2d at 730, quoting People v Kenny, 30 NY2d 154, 157 [1972]; accord People v O'Neill, 285 AD2d 669, 671 [2001]). "More than conclusory assertions that the defendant possessed a drug are required at the [g]rand [j]ury stage" (People v Swamp, 84 NY2d at 730; accord People v O'Neill, 285 AD2d at 671).
The grand jury testimony here did not provide a reliable basis upon which to infer that the substance allegedly possessed and sold by defendant was a narcotic drug — an element of all four charged offenses (see Penal Law §§ 220.16 [1]; 220.39 [1]). The evidence presented to the grand jury consisted of sparse testimony from the CI and an investigator involved in the controlled transactions, with most of the substance of that testimony having been supplied through leading questions. As to the first transaction, the CI testified, in a conclusory manner, that he believed the substance to be crack cocaine, without providing any description of the substance or explanation for his belief (see People v O'Neill, 285 AD2d at 672), and, with respect to the second transaction, the CI did not express any belief as to the nature of the substance he received from defendant [FN1]. Additionally, although the investigator testified that he received white chunky substances from the CI, his testimony surrounding the testing of those substances was sorely lacking. He did not provide any detail as to his training and experience in field testing, explain how field testing occurs or specifically identify what he did in this case to determine that both substances were cocaine. Thus, upon our review of the grand jury evidence, we agree with County Court that the evidence was legally insufficient to support the indictment (compare People v Swamp, 84 NY2d at 731, 733).
In light of our determination, we need not address the People's remaining arguments.
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: The CI did not even affirmatively testify to receiving a substance from defendant during the second transaction; rather, the prosecutor implies such receipt through his leading questions, including his inquiry as to whether the CI "basically did the same transaction again."